UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RUSSELL JONES,

        Petitioner,

v.                                                          Case No. 2:13-cv-208
                                                             HON. ROBERT HOLMES BELL

DUNCAN MACLAREN,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Russell Jones filed this petition for writ of habeas corpus, challenging his conviction after a guilty plea to three counts of child sexually abusive activity, Mich. Comp. Laws § 750.145(c)(2). Petitioner was sentenced to nine to twenty years imprisonment. Petitioner admitted to downloading to his computer sexually explicit images that he produced of his six year old daughter. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

Petitioner alleges that:

I. The trial court abused its discretion when it scored 10 points under OV-4.

II. The trial court abused its discretion when it denied Petitioner's request to withdraw his plea.

III. The trial court abused its discretion when it construed the Petitioner's detention under the Holmes Youthful Training Act as a conviction.

>IV.  The trial court erroneously scored 25 points to the Petitioner's prior record variable [prv-1] which requires re-sentencing based on inaccurate information.
>
>V.  The trial court erroneously scored 5-points to PRV-5 which requires re-sentencing based on accurate information.
>
>VI.  The trial court erroneously scored 25 points to OV-13 which requires re-sentencing.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute.  Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite

to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that the trial court abused its discretion by denying Petitioner's request to withdraw his guilty plea. Petitioner asserts that he is innocent and that he received ineffective assistance of counsel when counsel coerced him into the plea. Whether this court can provide Petitioner any of his requested relief regarding the withdrawal of his guilty plea requires the court to first look at the validity of his guilty plea. The constitutional validity of a guilty plea entered in the state courts is to be judged under the due-process standard set forth by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge and the "direct consequences" of his guilty plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991).

When a state prisoner brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see Parke v. Raley*, 113 S. Ct. 517, 523 (1992). In the present case, after a thorough interrogation of Petitioner, the state judge found that Petitioner's plea of guilty was entered knowingly and voluntarily.

Moreover, to the extent that Petitioner argues that the trial court erred by not establishing a proper factual basis for his guilty plea, Petitioner has failed to raise a cognizable habeas claim. A state court is not required under the Constitution to establish a factual basis for a guilty plea. *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975). "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989).

Petitioner agreed to plead guilty to the three charges in exchange for an agreement that the minimum sentence would not exceed nine years. ECF No.10-3, PageID.179. Petitioner indicated that he understood the charges against him and that the maximum penalty on each charge was twenty years imprisonment. PageID.182. Petitioner indicated that he signed an Advice of Rights form which was filed with the court. PageID.183-184. Petitioner indicated that he read and understood those rights and agreed to waive those rights. PageID.184. Petitioner agreed that there were no other promises made to induce him to plead guilty. PageID.185.

Petitioner's contention is that he is actually innocent, but his trial counsel coerced him to accept a plea deal. Petitioner points to the fact that his trial counsel questioned him about the factual basis for the plea during the hearing after he would not admit that the photos were taken for sexual purposes.

The Court: And was this done for sexual purposes?

The Defendant: No Sir.

The Court: Well –

[Defense counsel] Mr. Swanson: Your Honor, if I may?

The Court: Yes.

Mr. Swanson: At the time your child was age - - six years of age; correct?

The Defendant: Yes, sir.

Mr. Swanson: And you took pictures of her that included her vaginal area?

The Defendant: Yes sir.

Mr. Swanson: And she was posed on a basketball in some of those photos?

The Defendant: Yes, sir.

Mr. Swanson: And in fact she was also in a kneeled position, hands and knees, where her buttocks and her vagina area was exposed as well?

The Defendant: Yes, sir.

Mr. Swanson: And in fact there are a couple of pictures where her vaginal area and her buttocks area was pulled apart?

The Defendant: Yes, sir.

Mr. Swanson: And in fact one of the photos you were pictured, you were nude as well, and your penis and her vaginal area were within a foot or so of each other?

The Defendant: Yes, sir.

Mr. Swanson: All right. And the purpose of that was to produce this child material, child abusive material?

The Defendant: Yes, sir.

The Court: All right. I think there's enough. Do you agree?

> [Prosecutor] Mr. Hedges: Yeah, I think - - I think the Defendant was earlier saying he didn't intend to sexually actively molest his daughter, but he was - - I think he'll admit that he was creating sexually erotic pictures in doing this.
>
> The Court: Well, do you agree, Mr. Jones, you were taking those pictures with the intent of creating sexually erotic pictures of your daughter?
>
> The Defendant: Yes, sir.

PageID.188-190.

In the opinion of the undersigned, Petitioner voluntarily entered into a knowing plea. Petitioner's assertion that he was coerced due to ineffective assistance of counsel is not supported in the record. Petitioner was aware of the rights that he was giving up by entering his guilty plea to each count of child sexually abusive activity. Petitioner agreed to a minimum term of imprisonment and was aware of the maximum term of imprisonment on each count. Petitioner knowingly entered into his plea of guilty on each count. Petitioner cannot establish that his constitutional rights were violated.

Petitioner argues that a number of sentencing errors were made in violation of Michigan sentencing law. Petitioner claims that the judge inaccurately considered the sentencing guidelines. Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970). Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas

relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987). To the extent that Petitioner challenges the correctness of his sentence on the basis of state law, Petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowders*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Furthermore, Mich. Comp. Laws § 750.145(c)(2) provides for a maximum punishment of imprisonment for a term of twenty years. Therefore, Petitioner has not set forth a federal question because his sentence was imposed within the state statutory limit. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. *E.G.*, *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976). If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an "arbitrary or capricious abuse of discretion," or that an error of law resulted in the

>improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id.* at 923-24.

Petitioner's sentence does not exceed the statutory limit nor has Petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion. In the opinion of the undersigned, Petitioner has not shown that a fundamental miscarriage of justice occurred in his sentencing or that his sentence violated the Constitution. Moreover, Petitioner has failed to show the Michigan court decisions resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ TIMOTHY P. GREELEY
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: March 9, 2016